IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL T. McFARLAND, ) | |
|     Plaintiff, ) | Civil Action No. 7:22cv642 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| MAJOR JOHNNY BILLITER et al., ) | By:  Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Michael T. McFarland, a Virginia inmate proceeding *pro se*, filed this civil rights action against several corrections officers and members of the medical staff at the Southwestern Virginia Regional Jail Authority (SWVRJA), alleging that he has not received appropriate medical care for his methicillin-resistant Staphylococcus aureus (MRSA) infection.  McFarland subsequently wrote the court alleging ongoing failure to address his medical needs, including failure to send him to a cardiologist as prescribed by the emergency room physician who saw him on February 12, 2023.  The court interpreted this letter as a request for a preliminary injunction and ordered the defendants to respond.  The defendants have responded, and upon review of the pleadings and the medical records provided, the injunction will be denied.

I.  BACKGROUND

McFarland alleges that he has had fifteen outbreaks of an MRSA infection since March 2022, the most recent one being reported to jail medical staff on March 13, 2023.  On that date, Monique D. Yates noted a "small round formed area" under McFarland's left arm, with no drainage.  The medical plan was to assess the left underarm daily for any drainage or change in size of the lesion.  Notes dated March 17 and March 18, 2023, reported no change in size, redness, or drainage, and a note on March 19, 2023, reported that the area "continues to decrease in size no drainage or odor noted."  Attach. to Def's Opp. to Prelim. Inj. at 4–5, ECF No. 24-1.

In the medical records provided, nothing further is mentioned regarding treatment of the MRSA infection, which was not the primary concern McFarland expressed in his request for emergency relief.

As relevant to the request for a preliminary injunction, McFarland states that he passed out on February 12, 2023, and was taken to the hospital emergency room. The doctor purportedly recommended that McFarland be seen by a cardiologist. At the time he wrote the undated letter, McFarland stated he had not yet been seen, even though five weeks had passed. Although the letter bears a postmark of March 21, 2023, nothing indicates when the letter was deposited into the prisoner mail system. At any rate, defendants have attached a medical record from Dr. Madhava Pally, a cardiologist, documenting an initial visit with McFarland on March 20, 2023.

At his initial visit with Dr. Pally, McFarland reported treatment at the Dixon Community Hospital emergency department on February 12, with a subsequent transfer to Clinch Valley Hospital, where he remained for three days for treatment. In addition to two episodes of passing out, McFarland reported shortness of breath, nondescript chest pain, and some edema in his hands and feet. On examination, the only observation of importance was that McFarland's blood pressure was 139/94, although he denied any history of hypertension. The doctor ordered a transthoracic echocardiogram (ECG) and a follow-up blood pressure check. *Id.* at 6–9.

The ECG was performed on March 30, 2023, by Mobile Images Acquisition, LLC. The findings were reported as normal, except for a mild tricuspid insufficiency with pulmonary artery systolic pressures of 25-30 mmHg. The results were reported to the SWVRJA on April 4, 2023, with a notation that another appointment with the outside doctor was scheduled, but the date of the follow-up appointment was not included. *Id.* at 12–14.

## II. DISCUSSION

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly. *See Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 345–46 (4th Cir. 2009), *rev'd and vacated on other grounds*, 559 U.S. 1089 (2010). Injunctive relief may be granted only on a "clear showing" of entitlement to relief, and the moving party must satisfy all four requirements to obtain preliminary injunctive relief. *Id.*

Although McFarland alleges that he is in imminent danger of serious physical injury because of the defendants' conduct, the medical records do not support a finding of likely irreparable harm in the absence of injunctive relief. To meet this standard, McFarland must show that he faces irreparable harm that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. The possibility of irreparable harm is not sufficient. *DiBiase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

While the court understands McFarland's concern about the possibility of a serious cardiac condition, and that at the time he wrote the letter interpreted as a request for a preliminary injunction he had not been seen and (for security reasons) did not know when he would be seen, the information available to the court indicates that the defendants have timely addressed his need for cardiac evaluation and that there is no evidence his current situation

3

creates a risk of imminent irreparable harm.  Without such a showing, preliminary injunctive relief is not available.

McFarland's motion for preliminary injunctive relief is **DENIED**.

Enter:  May 19, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge