CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

January 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL T. MCFARLAND, ) | |
|     Plaintiff, ) | Civil Action No. 7:22-cv-00642 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MAJOR JOHNNY BILLITER, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. McFarland, a Virginia inmate proceeding *pro se*, brought this 42 U.S.C. § 1983 action against eight defendants. The court has dismissed the claims against all but one remaining defendant.[1] One group of defendants—Crystal Large, NP, Megan Goodie, RN, and Monique Yates, LPN, referred to as the Medical Defendants—were granted summary judgment. (Dkt. Nos. 57, 58.) Those defendants move for an award of $17,645.50 in attorney fees against McFarland. (Dkt. No. 70.)[2] Plaintiff did not respond to this motion, which will be denied.

McFarland alleged claims related to his treatment for serious medical needs, including an MRSA infection and endocarditis, at Southwest Regional Jail – Tazewell and Southwest Regional Jail – Haysi. In reviewing the summary judgment record, the court noted that "the evidence demonstrates that McFarland contracted [MRSA] from excessive tattooing and the use of shared unsanitary tattoo-making equipment, which staff repeatedly advised McFarland against continuing." (Dkt. No. 57 at 15.) Moreover, the court explained that defendants were not deliberately indifferent to McFarland's serious medical needs. "Instead, the Medical Defendants

---

[1] The Clerk entered default against this defendant, Dr. Christopher Copley, and plaintiff has moved for default judgment. (Dkt. Nos. 74, 75.) Dr. Copley appeared by counsel and filed a motion to set aside the default. (Dkt. No. 78.) Those motions will be addressed separately.

[2] The motion references an award of costs pursuant to Rule 54(d), but the supporting documentation states that the Medical Defendants did not incur any costs in connection with their defense of plaintiff's claims. (Dkt. No. 71-3.)

evaluated McFarland's various complaints, provided him with care and treatment, and sought care from outside providers when appropriate." (*Id.* at 16.) McFarland filed an interlocutory appeal that was dismissed for lack of jurisdiction on June 16, 2025. (Dkt. No. 68.)

Reasonable attorneys' fees can be awarded to the prevailing party in a § 1983 action. *See* 42 U.S.C. § 1988. Section 1988 makes no distinction on its face between prevailing plaintiffs and prevailing defendants. *Hutchison v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993). However, defendants should receive attorneys' fees only when the plaintiff's claim was "frivolous, unreasonable, or groundless," or when "the plaintiff continued to litigate after it clearly became so." *Hutchison*, 994 F.2d at 1080 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). A plaintiff "need not have acted in bad faith in order to be liable for fees," although if he did, "there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id.*

Fee sanctions can be imposed pursuant to § 1988 against a *pro se* litigant. *See Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). But courts "should be cautious when considering an award to a prevailing defendant where the lawsuit was initiated by a party with limited financial resources or one who is appearing pro se." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987). *Pro se* plaintiffs "cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Miller*, 827 F.2d at 620; *see, e.g.*, *McGlothlin v. Murray*, 54 F. Supp. 2d 629, 631 (W.D. Va. 1999) (recognizing additional factors when considering an attorney's fee award against a *pro se* plaintiff).

The Medical Defendants contend that they should be awarded attorney fees because the evidence at summary judgment showed that McFarland's claims concerning the contraction of

2

MRSA were due to his own unsanitary tattooing and shaving practices and not any conduct of these defendants. Moreover, after this was explained in the court's opinion and order granting summary judgment to defendants, McFarland persisted by litigating these claims on an appeal before the Fourth Circuit, forcing the Medical Defendants to incur additional and unnecessary legal costs and fees.

Nonetheless, the court declines to award attorney fees against a *pro se* inmate, particularly the large award requested by the Medical Defendants. Courts within the Fourth Circuit have considered the plaintiff's financial position to be a relevant factor in determining a reasonable attorney fee award against a plaintiff. *See McGlothlin*, 54 F. Supp. 2d at 631 (citing *Introcaso v. Cunningham*, 857 F.2d 965, 968 (4th Cir. 1988)). Indeed, the court doubts that McFarland could pay the requested fees. Also, awarding attorney fees against a *pro se* inmate could deter other *pro se* inmate litigants from pursuing viable civil rights claims. *See McGlothlin*, 54 F. Supp. 2d at 634 (citing *Trimper v. City of Norfolk*, 58 F.3d 68, 73 (4th Cir. 1995)). Finally, the court notes that the Medical Defendants made no attempt to justify their request for $17,645.50 in fees as a reasonable fee award. *See, e.g.*, *Scott v. Clarke*, Case No. 3:12-cv-00036, 2020 WL 2771949, at *2 (W.D. Va. May 28, 2020) (explaining that courts apply the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) in determining a reasonable fee award).

For these reasons, the Medical Defendants' motion for attorney fees (Dkt. No. 70) is DENIED.

Entered: January 23, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

3