CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 19, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL T. MCFARLAND,<br>    Plaintiff, | )<br>)<br>)   Civil Action No. 7:22-cv-00642 |
| v. | )<br>)<br>)   By: Elizabeth K. Dillon |
| DR. CHRISTOPHER COPLEY,<br>    Defendants. | )       Chief United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Michael T. McFarland, a Virginia inmate proceeding *pro se*, brought this 42 U.S.C. § 1983 action against eight defendants. The court has dismissed the claims against all defendants except for one, Dr. Christopher Copley. The Clerk entered default against Dr. Copley (Dkt. No. 74), and plaintiff has moved for default judgment (Dkt. No. 75). Dr. Copley moves to set aside the default. (Dkt. No. 78.) Dr. Copley's motion to set aside the default will be granted, and plaintiff's motion for default judgment will be denied.

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, . . . ." Fed. R. Civ. P. 55(c). A court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*,

616 F.3d 413, 417 (4th Cir. 2010).

Dr. Copley was served with the amended complaint on May 16, 2024. (Dkt. No. 62.) Acting *pro se*, Dr. Copley served plaintiff with an answer to the amended complaint on June 4, 2024, via U.S. mail. (Dkt. No. 78-1.) The answer was returned as undeliverable. (Dkt. No. 78-2.) Thus, it appears to the court that Copley served an answer within the time required by Rule 12, even though the answer was not filed with the court. *See* Fed. R. Civ. P. 12(a)(1)(A) (providing that a defendant must "serve" an answer within 21 days after being served with the summons and complaint); Fed. R. Civ. P. 5(b)(2)(C) (stating that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing"). Accordingly, Dr. Copley is not in default.

Even if Dr. Copley could be considered in default due to his failure to file the answer, the relevant factors favor setting aside the default. The court has already granted summary judgment to several defendants in this case, and Dr. Copley represents that he did nothing materially different than those defendants. Accordingly, Dr. Copley has a meritorious defense in this lawsuit. Dr. Copley acted with reasonable promptness in responding to the amended complaint by mailing an answer to plaintiff within 21 days of service. Dr. Copley was responsible for the failure to file the answer, but acting *pro se* at the time, he read the summons as requiring only that he should serve the plaintiff. The delay in answering has not prejudiced the plaintiff. McFarland has taken no action in this case aside from filing a perfunctory motion for default judgment at the prompting of the court.[1] Finally, there is no history of dilatory action by Dr. Copley.

---

[1] The court entered default against Dr. Copley on August 5, 2025, and ordered plaintiff to either move for default judgment against Dr. Copley or otherwise show cause why his claims should not be dismissed for want of prosecution. (Dkt. Nos. 73, 74.) McFarland's motion for default judgment states: "I Michael Todd McFarland

For these reasons, it is HEREBY ORDERED that Dr. Copley's motion to set aside the default (Dkt. No. 78) is GRANTED. The entry of default (Dkt. No. 74) is VACATED, and the Clerk shall file Dr. Copley's answer (Dkt. No. 78-1) as a separate docket entry, which is deemed to be timely filed. Plaintiff's motion for default judgment (Dkt. No. 75) is DENIED.

It is FURTHER ORDERED that pursuant to Standing Order 2024-16, Dr. Copley is hereby DIRECTED to file, not later than forty-five (45) days after entry of this order, either: (1) a motion for summary judgment supported by affidavits; or (2) a notice stating that he does not intend to file a summary judgment at this time.

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

Entered: February 19, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

would like to move for default judgment against Dr. Copley. This is why my claims against Dr. Copley should not be dismissed." (Dkt. No. 75.)